HANEY and another vs. THE SCHOONER ROSABELLE.

Under chap. 151, Laws of 1859, a complaint against a vessel for articles furnished by the plaintiff and used in building, fitting out, furnishing or equipping the same, must show that such articles were furnished at the request of the master, owner, agent or consignee of the vessel.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges that on &c., the plaintiffs sold and delivered to one Boole a certain number of kegs of iron spikes &c., to the value of $152.35; that said spikes were used in building, fitting out, furnishing and equipping the *Schooner Rosabelle*, " and the said debt accrued to the plaintiffs on account of said Boole ; " that said schooner was of the burthen of twenty tons and upwards, and was built for navigating the waters of this state, and was then (at the commencement of this action) lying in said county. The complaint demands that a warrant be issued for the seizure of said vessel; that the plaintiff have judgment for the sum above mentioned, with costs, &c. ; that the same be declared a lien upon the vessel ; and that an order of sale be issued, &c., pursuant to chap. 151, Laws of 1859. Orvis French, as owner of said schooner, demurred to the complaint as not stating a cause of action against the vessel. The court overruled the demurrer; and the defendant appealed.

*Peter Yates*, for appellant.

*Butler & Cottrill*, for respondents.

*By the Court*, COLE, J. It appears to us that the complaint is defective for not averring that the debt sued for was con-

tracted by the master, owner, agent or consignee of the vessel. The statute provides that the vessel shall be liable " for all debts contracted by the master, owner, agent or consignee thereof, on account of supplies furnished for the use of such boat or vessel, or on account of work done or services rendered on board of such boat or vessel, or on account of labor done or materials furnished by mechanics, tradesmen or others, in and for building, repairing, fitting out, furnishing or equiping such boat or vessel." Subd. 1, sec. 1, chap. 151, Laws of 1859. It is averred that the iron and materials were sold and delivered to Boole and at his request; that they were used in building, fitting out, furnishing and equipping the *Schooner Rosabelle*; and that the debt accrued to the plaintiffs on account of said Boole; but there is no allegation that Boole sustained the relation of either master, owner, agent or consignee to the vessel. According to our interpretation of the statute, the debt must have been contracted by some person holding some such character or relation to the vessel, to render it liable. It is claimed, however, that the words "all debts contracted by the master," &c., which are used in the first clause of this subdivision of the section, relate exclusively to and qualify that clause, and have no application to the subsequent clauses, where the work is done on board the vessel, or where the work is done or materials furnished for building or repairing it. In these cases, it is said, the statute intended to give the lien to the party doing the work or furnishing the materials, regardless of the fact whether the services were rendered or materials furnished at the request of the master, owner, agent or consignee, or not. But we think the more natural and obvious construction is, to hold that those words relate to and qualify the subsequent clauses as well as the first. By every construction, it is clear that some words are to be supplied in those clauses. The words " debts contracted " are to be understood, according to the view which the counsel for the respondent takes of the section. But according to our understanding,

the antecedent clause, "all debts contracted by the master, owner" &c., is to be supplied in each clause of the subdivision.

It is said that the language of this statute is almost identical with the statute relative to mechanics' liens, and that in both cases the lien arises from the mere fact that materials have been furnished and used, and from this fact alone. But in the case of the erection or repair of a dwelling house or other building, the lien is given only where the services are rendered or materials furnished at the request of the owner or contractor. And even then the person employed by the contractor to do work or furnish materials must give the owner notice of his claim, and the lien cannot exceed the amount which the owner owes or may become indebted to the contractor. But in case of building or repairing a boat, if the construction contended for be correct, the services may be rendered or materials furnished to a sub-contractor in the third or fourth degree, and the law requires no notice of the claim to be given to the owner. And if the mere fact that the work had been done or materials used about the vessel gives the right to a lien, how would the owner ever know whether his property was free from incumbrances or not? He might pay his contractor in full for building the vessel, yet some person of whose claim he had never heard, might institute his suit to enforce a lien at any time within a year. The consequence would be that no person would be safe in contracting for building or repairing a vessel and paying for the work within a year. If he did, some secret claims might arise within that time, which he would be compelled to discharge or lose his property. In view of these results, we think it manifest the legislature did not intend to give the lien to any one who might render services or furnish materials regardless of the circumstance whether they were rendered or furnished at the request of the master, owner, agent or consignee, or not.

And this construction derives additional force from the lan-

guage used in the third section, which requires a party instituting a suit against a vessel, to state in the complaint the particulars of his demand, and " on whose account the same accrued." This was obviously intended to show by the complaint itself all the particulars of the demand, and that it was contracted by the master, owner, agent or consignee, who alone can create the cause of action which shall constitute a lien.

It results from these views that the order of the circuit court, overruling the demurrer to the complaint, must be reversed, and the cause remanded for further proceedings.